UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MARC K. THIBAUDEAU,

    Debtor.
_____/

Case No. 19-21006-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIMED EXEMPTIONS

Introduction

Marc Thibaudeau, the Debtor, is caught in a dilemma. He elected state exemptions to protect his condominium, but in doing so, he lacks money to live on until his seasonal business starts. This dilemma came to a head when Randall Frank, the Chapter 7 Trustee, objected to the Debtor's exemptions of $20,000 to $28,000 for provisions under Michigan exemptions. Because this Court must follow statutory language and declines to rewrite Michigan statutes, the Court sustains the Trustee's objections to the Debtor's exemptions for the reasons stated in this Opinion.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Findings of Fact

The Debtor is a tax preparer with a busy season from late January to mid-April. During the rest of the year, the Debtor generally attends to some financial matters of his clients, but for the most part does not earn much income after his statements for tax form preparation are paid.

1

Accordingly, he is a classic seasonal worker in that the vast majority of his income is earned and paid during a short period of time.

Because of his financial distress, the Debtor required relief from this Court which he requested in the form of a Chapter 7 petition filed on May 13, 2019. On June 19, 2019, the Debtor filed Schedule C: The Property You Claim as Exempt claiming exemptions in: his condominium at 105 Provincial Court #5, Saginaw, Michigan, in the amount of $33,000; cash in the amount of $28,000 pursuant to MCL 600.5451(1)(b); PNC Bank account of $2.00 pursuant to 11 U.S.C. § 522(d)(5); Heritage Accounting PC in the amount of $1.00 pursuant to MCL 600.5451(1)(i); unpaid wages of $10,800 pursuant to MCL 600.5311; and $20,000 for 6 months of provisions pursuant to MCL 600.5451(1)(b). The Trustee did not object to the Debtor's claimed exemption in his condominium but objected to the other exemptions. The Debtor responded and the Court held an evidentiary hearing on October 29, 2019. At this evidentiary hearing, the Debtor offered two exhibits: an affidavit of Mr. Thibaudeau and Schedule J previously filed with this Court. The purpose of these two exhibits was to demonstrate the Debtor's business and personal expenses. In particular, the Debtor has total monthly business expenses of $1,996, business tax liabilities of $6,359 for the second quarter of 2019, $2,202 for the third quarter of 2019, and $2,202 for the fourth quarter of 2019, as well as other annual expenses totaling $3,825. His personal monthly expense is $2,351. The Debtor testified briefly on October 29, 2019 to confirm these amounts.

At the October 29, 2019 hearing, the Trustee did not dispute the Debtor's expenses, but argued that the exemption of cash is not allowed under Michigan law. Both the Debtor and the Trustee agree that the exemptions for the PNC Bank account and Heritage Accounting PC should be disallowed and that the Debtor did not have unpaid wages of $10,800. The only remaining

issue left was whether the Debtor could exempt any money under MCL 600.5451(1)(b). After hearing oral argument, the Court took this matter under advisement.[1]

Applicable Law

Section 600.5451(1)(b) and (j) state:

§ 600.5451. Bankruptcy; exemptions from property of estate; exception; exempt property sold, damaged, destroyed, or acquired for public use; amounts adjusted by state treasurer; definitions

(1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1532, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:

. . .

(b) Provisions and fuel for comfortable subsistence of each householder and his or her family for 6 months.

. . .

(j) Money or other benefits paid, provided, allowed to be paid or provided, or allowed, by a stock or mutual life, health, or casualty insurance company because of the disability due to injury or sickness of an insured person, whether the debt or liability of the insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that this exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

Analysis

At oral argument, counsel for the Trustee argued that the current Michigan statute only allows for the exemption of provisions for the comfortable subsistence of each householder for 6 months. As argued by the Trustee, the Debtor has exempted money, not provisions, and therefore his exemption must be disallowed. The Trustee's argument is summarized as follows.

---

[1] A creditor, Land Holding LLC, concurred with the Trustee's objections, but did not appear at the October 29, 2019 hearing. The opinion of this Court as to the Trustee's objections likewise hold as to those of Land Holding LLC.

First, in contrast to the word "provisions" in MCL 600.5451(1)(b), the Michigan Legislature has used the word money in MCL 600.5451(1)(j). Thus, these two words mean different things. Applying the rule of statutory construction of *expressio unius est exclusio alterius*, the expression of one thing in this statute implies exclusion of others. *Ford v. United States,* 273 U.S. 593 (1927). As argued by the Trustee, the Michigan Legislature knew how to include the word "money" in subsection (j) and has the absolute ability and right to include the same language in subsection (b), but chose not to do so. This rule of statutory construction, while generally applied with caution, does support the Trustee's argument.

Second, the Trustee buttresses this argument by indicating that if the Debtor wishes to apply other sections of MCL 600.5451 then he could conceivably exempt cash for all other items set forth in that statute, such as $2,775 for a motor vehicle. Again, as argued by the Trustee, the Debtor's position turns MCL 600.5451 on its head in that these subsections all allow the Debtor to exempt assets in hand, as opposed to certain amounts of money.

Third, the Trustee reaches back into Michigan jurisprudence to 1862 and the case of *King v. Moore*, 10 Mich. 538 (1862) where the Michigan Supreme Court had to address the issue of whether exemptions taken could be sustained. In particular, the Trustee points to the following language:

> If the statute, in cases where the debtor has not the full amount of the property exempted by this section, had provided an exemption of money or other property for the purpose of enabling him to purchase enough to made up the deficiency, there might be good reason for holding the feed for the animals exempted, though he had not the animals at the time of the levy; but the statute has adopted no such principle.
>
> . . .
>
> As the statute, in exempting provisions "for the comfortable subsistence of the householder and family for six months," does not specify any particular kind of provisions, doubtless anything which is susceptible of use as provisions, may be exempt under this designation; and any growing crops which, at the time of the

4

levy, had reached that stage of growth or maturity which would render them susceptible of such use, might fall within the exemption.

*King*, 10 Mich. at 540-43 (citation omitted).

As the *King* Court contemplated, edible crops still growing could not be exempt because they were not ripe or fit to be harvested. So, the Trustee argues that the same is true for cash which is not "provisions".

Fourth, the Trustee reaches even further back into Michigan jurisprudence to the case of *Morrill v. Seymour*, 3 Mich. 64 (1853) in which that Court stated:

> The object of the law is liberal, and praiseworthy. It is in accordance with the spirit of the age. Together with other provisions of our statute, it secures to the poor man the means, if he already possesses it, of gaining a comfortable subsistence for himself and family. It relieves the debtor from the hazard of being stripped of what is necessary to such subsistence, and while in all cases it is the duty of the court not to extend a statute by construction beyond its obvious import, justice to creditors in giving a construction to this statute, demands that we should not do so.

*Morrill*, 3 Mich. at 67 (emphasis added).

While the Trustee concedes that exemption statutes are to be construed liberally, his point is that Michigan jurisprudence requires that the asset being exempted be in existence at the time the Debtor filed his petition. Here, the Debtor seeks to exempt money which, in the Trustee's view, is beyond the scope of the exemption.

Both the language of the statute and Michigan case law support the Trustee's position and compel this Court to sustain the Trustee's objections. As pointed out by the Trustee's counsel, the Trustee has no objection if the Debtor had purchased sufficient food and other personal items prior to his petition, so long as these items were necessary for his comfortable subsistence for six months. To go beyond the words of the statute, however, it is inappropriate, especially given the state of Michigan case law.

In response, the Debtor makes excellent policy and practical arguments. First, the Debtor is frustrated by the lack of action by the Michigan Legislature to update the Michigan exemptions which endanger him as applied in his case. The Debtor is correct that as it currently stands, he lacks sufficient money to tide him over to his tax preparation season. The Debtor runs the clear danger of being evicted from his business address and being incapable of earning money to continue living under the current situation. Given this dire strait, the Debtor argues that he is denied the fresh start promised him by Congress.

As pointed out at oral argument, however, it is the Michigan Legislature's role to enact statutes, not this Court. In short, if the Michigan exemption statute which has remained untouched as to this provision for decades needs amending, it is the Michigan Legislature, not this Court, that should do so. As to the very practical arguments made by Debtor's counsel, his current dilemma is caused by his seasonal employment.

While the Debtor's expertise is in the seasonal area of income tax return preparation, nothing prohibits him from working at another position until January 2020 arrives. Although not ideal, he could earn money in other areas. The Bankruptcy Code does not contemplate or encourage debtors to remain idle after receiving a discharge.

While the Court understands and appreciates the Debtor's dilemma and the unsatisfactory position he currently finds himself, this Court is constrained by rules of statutory construction and stare decisis to follow the dictates of Michigan law. While the Debtor makes strong policy arguments that the Michigan statutes should be changed, it is the role of the Michigan Legislature, not this Court, to do so.

For these reasons, the Trustee's objections to exemptions are sustained. Counsel for the Trustee is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on November 18, 2019**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

7

19-21006-dob    Doc 72    Filed 11/18/19    Entered 11/18/19 15:57:20    Page 7 of 7